

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-95,160-01

### EX PARTE HARRY LEE GRADNEY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1472795-A IN THE 208TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.  YEARY, J. concurred.

### O P I N I O N

Applicant pleaded guilty to delivery of a controlled substance and was sentenced to eight months' imprisonment under Texas Penal Code § 12.44(a). Applicant did not file a direct appeal. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant discharged this sentence in 2016. The habeas court finds credible Applicant's assertion that he suffers current and potential future consequences arising from this conviction, including trouble finding a job; enhanced penalties for future convictions; and potential impeachment of his credibility in future judicial hearings. Therefore, Applicant is "confined" for purposes of Article 11.07.

Applicant claims that he was denied due process through the use of material false evidence, and that his guilty plea was involuntary. These claims relate to the discovery of misconduct by former Houston Police Officer Gerald Goines, who was the primary officer involved in the alleged offense. Based on the record, the habeas court finds that Applicant was denied due process by the use of material false evidence against him, and that Applicant's guilty plea was involuntary. *Ex parte Mathews,* 638 S.W.3d 685 (Tex. Crim. App. 2022); *Ex parte Coty*, 418 S.W.3d 597 (Tex. Crim. App. 2014). The habeas court recommends granting relief on false evidence and involuntary plea grounds. We agree.

Relief is granted. *Ex parte Chabot*, 300 S.W.3d 768, 772 (Tex. Crim. App. 2009). The judgment in cause number 147279501010 in the 208th District Court of Harris County is set aside. Applicant shall answer the charges as set out in the indictment. The trial court shall issue any necessary orders within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: October 18, 2023
Do not publish